```
                UNITED STATES DISTRICT COURT
                          FOR THE
                     DISTRICT OF VERMONT
                                   :
HEATH KNOLLS INVESTMENTS, INC      :
and DAVID REISS,                   :
     Plaintiffs,                   :
                                   :
     v.                            :   No. 2:07-cv-49
                                   :
WESTLAKE RESIDENTIAL PARTNERS,     :
LLC and RETROVEST ASSOCIATES,      :
INC.,                              :
     Defendants.                   :
                                   :
```

### Memorandum and Order

This action arises from a dispute over the financing contingency clause in a contract for the purchase and sale of two condominium units located in the Westlake residential condominium development in Burlington, Vermont. On April 24, 2008, the Court granted in part and denied in part Defendants' motion for summary judgment, finding that there were genuine issues of material fact regarding Plaintiff's breach of contract claim. On May 9, 2008, the Defendants filed a motion for reconsideration or, alternatively, for certification of an interlocutory appeal.

Defendants have argued that reconsideration is appropriate for a number of reasons: (1) because the Court incorrectly applied a legal standard borrowed from New York law; (2) because the line of New York cases upon which the Court relied are not controlling; (3) because the Court should have more properly applied Vermont law; and (4) because Plaintiff Reiss sought financing for a sum less than the amount specified in the

financing contingency clause.

    The first three arguments advanced by the Plaintiff appear to misunderstand the Court's holding.  The Court did not find New York law governs in the instant case.  Rather the Court noted that New York law may be instructive in that the specific issue at bar has been addressed by a number of New York state courts, but not by any Vermont state courts.  Most importantly, the Court found that the legal analysis turned on the determination of significant factual questions.  Therefore, no matter whether the Court applied the more general precepts articulated in Vermont case law or looked to the law of sister states for guidance, summary judgment was clearly improper.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 232 F.3d 153, 157 (2d Cir. 2000) ("Summary judgment is generally proper in a contract dispute only if the language of the contract is wholly unambiguous." ).

    Nor is the Court persuaded by Defendants' fourth argument.  The financing contingency provision is clearly protective of the buyer.  The fact that the buyer sought financing for a somewhat lesser amount is not relevant to the legal analysis.[1]

    An interlocutory appeal is not appropriate because neither

---

[1]  Theoretically Defendants could introduce this fact in an attempt to show bad faith on the part of the buyer; however, to do so, Defendants would also need to establish that the buyer could not have proceeded with the closing even if he had obtained the financing.

of the statutory requirements have been met.  *See* 28 U.S.C. § 1292(b).  There is no controlling question of law; rather, the legal analysis turns on determination of disputed factual questions.  As such, allowing the appeal will not materially advance the ultimate termination of the litigation.

    For the foregoing reasons, the Court hereby denies Defendants' Motion to Reconsider and for Certificate of Appealability (Doc. 37).

Dated at Burlington, Vermont this 2nd day of September, 2008.

                                             /s/ William K. Sessions III  
                                             William K. Sessions III  
                                             Chief Judge